IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH THOMAS, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:11-CV-665-G |
| ) | |
| THE CITY OF MESQUITE, ET AL., ) | |
|     Defendants. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.   PARTIES**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the City of Mesquite, the Mesquite Municipal Court and the Mesquite Police Department. The Court has not issued process pending judicial screening.

**II.   FACTUAL BACKGROUND**

Plaintiff states that Mesquite Police Officer Ian Dudley unlawfully issued him a citation for driving without a valid license and insurance. He states he was unlawfully denied a jury trial and that Judge Crane violated the Code of Judicial Conduct by acting as a prosecutor during his trial. He seeks money damages.

### III. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### IV. DISCUSSION

**1.** *Heck v. Humphrey*

Plaintiff argues he was unlawfully cited for lack of a valid driver's license and car insurance. He also argues he was unlawfully convicted of the charges. These claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of this conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answers No. 1 and 2). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.  Non-Jural Entity**

Plaintiff has named the Mesquite Police Department as a defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Mesquite Police Department should therefore be dismissed.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**        Page -3-

**RECOMMENDATION**

The Court recommends that: (1) the Mesquite Police Department be dismissed with prejudice; and (2) the remaining Defendants be dismissed with prejudice until the *Heck* conditions are met.

Signed this 1st day of June, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).